UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY BROWN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. |
| AMERICAN CORADIUS INTERNATIONAL, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, ANTHONY BROWN ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC complaining of AMERICAN CORADIUS INTERNATIONAL, LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful collection practices.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

### PARTIES

4. Plaintiff is a 37 year old veteran of the United States Military, residing at 9117 Andes Drive, Indianapolis, Indiana, which lies in the Southern District of Indiana. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

5. Defendant is a "leading full-service retail financial service agency which represents banks and finance companies nationwide"[1] with its headquarters located in Amhust, New York. Defendant is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

6. Defendant is licensed to conduct business with the Indiana Secretary of State under control number 2005061000202 and collects consumer debts in multiple states, including Indiana.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1991.[2]

### FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff suffers from various physical and mental issues, including post-traumatic stress disorder ("PTSD"), stemming from his service in the United States Military.

---

[1] http://www.americancoradiusinternational.com/index.php?src=.
[2] http://www.acainternational.org/memberdirectory.aspx.

10. Due to his various physical and mental conditions, Plaintiff has been unable to work since October of 2013.[3]

11. As a result of his unemployment, Plaintiff defaulted on a consumer automobile loan ("subject consumer debt") with AutoTrek Finance.

12. The subject consumer debt was incurred to fund the purchase of a Jeep Patriot which Plaintiff used as his household transportation.

13. When Plaintiff defaulted on the subject consumer debt, the Jeep Patriot was repossessed.

14. Upon information and belief, AutoTrek Finance turned over collection of the subject consumer debt to Defendant.

15. On August 4, 2015, at approximately 3:30 pm EST, Plaintiff received a call to his cellular phone from (317) 954-9005. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

16. Upon information and belief, (317) 954-9005 is a phone number used by Defendant.

17. During this phone call, Plaintiff spoke with a gentleman who identified himself as a debt collector for Defendant, attempting to collect on the subject consumer debt. *See* Exhibit A.

18. Defendant informed Plaintiff that he owed $10,677.00 and that he needed to make a payment or set up a payment plan. *Id.*

19. Defendant also threatened Plaintiff, stating that if he did not make a payment then the next step would be a judgment taken against him. *Id.*

20. Upon information and belief, there is no pending litigation against Plaintiff regarding the subject consumer debt that would allow any party to take a judgment against him.

21. Plaintiff never gave Defendant consent to automatically dial his cellular phone.

---

[3] Plaintiff is currently in the process of applying for disability through the Social Security Administration.

3

22.   Defendant's threat of judgment caused Plaintiff a great deal of concern and stress over his legal rights.

23.   Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's illegal collection actions.

24. Plaintiff has been unduly inconvenienced and harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25.  Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Generally, the FDCPA prohibits the use of, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

27.  Specifically, Defendant violated 15 U.S.C. §§1692d, e, e(2), e(5), and f through its debt collection actions.

28.  Defendant violated 15 U.S.C. §§1692e, e(2), e(5), and f when it threatened a judgment against Plaintiff if he did not make a payment on the subject consumer debt.  As a sophisticated and experienced debt collector, Defendant knows that threats of judgment are likely to induce payment from consumers.  Defendant falsely, deceptively, and unfairly told Plaintiff that he would face a judgment for the purpose of panicking him into paying the subject consumer debt.

29.  Neither Defendant, nor any other party, has initiated litigation against Plaintiff with respect to the subject consumer debt.  As such, it is impossible for Plaintiff to face a judgment regarding the subject consumer debt without receiving the benefits of due process.  Defendant knew it did not have the legal ability to seek a judgment against Plaintiff when it made threats to him.  Despite this knowledge, Defendant used the threat of judgment in order to coerce payment on the subject consumer debt from Plaintiff.

30. Defendant's collection actions had the natural consequence of harassing Plaintiff. Defendant's false, misleading and unfair statements to Plaintiff are the exact conduct that the FDCPA is designed to protect.

31. As plead in paragraphs 22 through 24, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, ANTHONY BROWN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The Telephone Consumer Protection Act ("TCPA") prohibits calling persons on their phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. § 227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

34. Defendant violated the TCPA by placing phone calls to Plaintiff's phone using an ATDS without Plaintiff's consent.

35. Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to plaintiff for at least $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANTHONY BROWN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III --VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Defendant violated I.C. 24-5-0.5-3(b)(19) and (20) by engaging in an unfair, abusive, and deceptive practice in its attempts to collect on the subject consumer debt.

38. The Indiana Deceptive Consumer Sales Act ("IDCSA") states:

> A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations.
> I.C. 24-5-0.5-3(a).

> Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227. The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.).
> I.C. 24-5-0.5-3(b)(19) and (20).

39. Plaintiff is a person as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

40. Defendant is a supplier as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

41. Defendant's attempts to collect on the subject consumer debt are consumer transactions as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

42. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.

43. Defendant intended that Plaintiff rely on its illegal behavior in order to procure payment of the subject consumer debt.

44. IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

45. IDCSA further states:

> A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000). I.C. 24-5-0.5-4(a)(1)(2).

46. As pled in paragraphs 22 through 24, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

47. As such, Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, ANTHONY BROWN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 12, 2015                    Respectfully Submitted,

                                          s/ Nathan C. Volheim
                                          Nathan C. Volheim, Esq. #6302103
                                          David S. Klain, Esq. #66305
                                          Counsel for Plaintiff
                                          Licensed in the Southern District of Indiana
                                          Consumer Law Partners, LLC
                                          435 N. Michigan Ave., Suite 1609
                                          Chicago, Illinois 60611
                                          (267) 422-1000 (phone)
                                          (267) 422-2000 (fax)